UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07-cv-00106-R

| | |
|---|---|
| **ANDREW W. HENDON** | **PLAINTIFF** |
| and | |
| **BRIDGEFIELD CASUALTY INSURANCE COMPANY, INC.** | **INTERVENOR PLAINTIFF** |
| v. | |
| **MAGIC CIRCLE CORPORATION** d/b/a **DIXIE CHOPPER** | **DEFENDANT/THIRD PARTY PLAINTIFF** |
| v. | |
| **KENNETH RICHARDS** d/b/a **RICHARDS SMALL ENGINES** | **DEFENDANT/THIRD PARTY DEFENDANT** |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant/Third Party Defendant Kenneth Richards's ("Richards"), d/b/a Richards Small Engines, Motion for Summary Judgment (DN 58). Plaintiff Andrew W. Hendon, Defendant/Third Party Plaintiff Magic Circle Corporation ("Magic Circle"), d/b/a Dixie Chopper, and Intervenor Plaintiff Bridgefield Casualty Insurance Company, Inc. ("Bridgefield") have responded (DN 67, 68, 70). Richards has replied (DN 74). This matter is now ripe for adjudication. For the reasons that follow, Richards's Motion is GRANTED IN PART.

BACKGROUND

On July 7, 2006, Andrew Hendon was severely injured when a riding lawnmower he was operating on a hill rolled over on him, crushing his spine. The mower was not equipped with a roll bar or seatbelt. Hendon's employer, Greg Batts of Prizer Point Marina, alleges that when he

purchased the mower from Richards he specifically asked Richards or his son whether a roll bar was necessary and/or available for the mower, and was told that it was neither necessary nor available.[1]  The day after the accident Batts states that he contacted Richards and learned that a roll bar was available.  He purchased the roll bar from Richards less than two weeks later and installed it soon thereafter.

Shortly after the accident, Hendon's former counsel, Kristen Dyer, interviewed Batts at Prizer Point Marina.  Batts told Dyer that a representative from Richards Small Engines had told him that a roll bar was not necessary and not available.  At the time of the visit, Dyer also viewed the scene of the accident and the mower, which by then had a roll bar installed.

On July 6, 2007, Hendon filed a Complaint against Magic Circle.  Magic Circle filed a Third Party Complaint against Richards about a year and a half later, on January 26, 2009.  Three months after Magic Circle filed its Third Party Complaint Hendon filed a motion to amend his Complaint to assert a claim against Richards.  The Court granted Hendon's motion and his First Amended Complaint was entered on June 30, 2009.

Richards now argues that Hendon's claims against him should be dismissed because the applicable one year statute of limitations expired before Hendon filed his First Amended Complaint.  Additionally, Richards argues that any claims by Magic Circle against him for monetary damages should be dismissed because they are barred by the Kentucky Comparative Fault Act.

---

[1] Richards denies that either he or his son were asked about a roll bar.  For the purposes of this motion, the Court will view the facts in the light most favorable to Hendon.

DISCUSSION

I. *Hendon's Claims Against Richards*

Kentucky law requires "[a]n action for injury to the person of the plaintiff" to be "commenced within one (1) year after the cause of action accrued." KRS § 413.140(1)(a). Thus the key to deciding whether Hendon's claim against Richards is barred by the statute of limitations is determining when the cause of action accrued. Richards argues that the statutory period began to run on July 7, 2006, the date Hendon was injured. Hendon argues that his First Amended Complaint was timely filed under the discovery rule.

Generally, a personal injury cause of action accrues the date the injury occurs. *Caudill v. Arnett*, 481 S.W.2d 668, 669 (Ky. 1972). Under the discovery rule, however, the statute of limitations period begins to run from the date "the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." *Louisville Trust Co. v. Johns-Manville Prods. Corp.*, 580 S.W.2d 497, 501 (Ky. 1979) (quoting *Raymond v. Eli Lily & Co.*, 371 A.2d 170, 174 (N.H. 1977)); *see also Wiseman v. Alliant Hosps., Inc.*, 37 S.W.3d 709, 712 (Ky. 2000); *Hackworth v. Hart*, 474 S.W.2d 377, 379 (Ky. 1971).

Richards contends that the discovery rule is not applicable in this case because "Kentucky courts only have applied the discovery rule in the context of malpractice and latent disease cases where the plaintiff has not even known of his injury until after the statute had run." *Simmons v. S. Cent. Skyworker's, Inc.*, 936 F.2d 268, 269 n.2 (6th Cir. 1991). Hendon states that the Supreme Court of Kentucky has never limited the application of the discovery rule to malpractice and latent disease cases. Hendon cites *Raymond v. Eli Lilly and Company*, 371 A.2d

3

170, 174 (N.H. 1977), the opinion quoted by the Kentucky Supreme Court in *Johns-Manville*, to support his argument that the discovery rule is applicable in this case.

In *Raymond*, the plaintiff alleged an oral contraceptive caused her to become legally blind. 371 A.2d at 171. She was aware that she was blind for at least two years before she learned of the possible causal connection between the drug and her injury. *Id.* at 172. The court stated that the discovery rule tolled the statute of limitations until the time the plaintiff learned of the connection. *Id.* at 177. Similarly, here, Hendon argues that the cause of action did not accrue until he learned of the possible connection between Richards's representations regarding the roll bar and his injury.

While the Supreme Court of Kentucky has not explicitly limited the application of the discovery rule, "[w]ith the exception of cases involving latent injuries from exposure to harmful substances, Kentucky courts have generally refused to extend the discovery rule without statutory authority to do so." *Roman Catholic Diocese of Covington v. Secter*, 966 S.W.2d 286, 288 (Ky. Ct. App. 1998). In *Secter*, for example, the Court of Appeals of Kentucky declined to extend the discovery rule and found Secter's claim barred by the statute of limitations. *Id.* at 289-90. Secter had been sexually abused by a teacher at a school operated by the local Diocese. *Id.* at 287. He commenced his action against the Diocese seventeen years after the last incident of abuse. *Id.* at 288. Documents revealed that the Diocese had received reports of the teacher sexually abusing students before Secter attended the school, but did not discipline or sanction the teacher, did not inform students or parents, and did not report the incidents to the authorities. *Id.* at 287. Secter argued "that under the discovery rule, his cause of action against the Diocese did not accrue until he became aware that the actions of the Diocese were a substantial factor in

4

causing the sexual abuse which he suffered." *Id.* at 289. Relying on the fact that "courts in this Commonwealth have been reluctant to extend the discovery rule and have applied it narrowly," the court decided that it would "follow established precedent" and not extend the rule to the facts of that case. *Id.* at 289-90.

Hendon's theory that his cause of action against Richards did not accrue until he discovered Richards's conduct may have been a factor in his injury is very similar to Secter's argument that his cause of action against the Diocese did not accrue until he became aware that the actions of the Diocese were a substantial factor in causing the sexual abuse which he suffered. Although *Raymond* is also similar to the present matter, the Court finds *Sector* more on point and more persuasive than *Raymond*. Additionally, despite the fact that Kentucky's discovery rule was originally articulated by the Supreme Court of New Hampshire in *Raymond*, no Kentucky court has extended the discovery rule to a situation like the one presented in this case. For these reasons, the Court concludes that the discovery rule is not applicable and Hendon's claim against Richards is barred by the statute of limitations.

Even if the discovery rule was applicable in this case, however, the Court finds that Hendon, in the exercise of reasonable diligence, should have discovered that Richards's alleged conduct may had been a factor in his injury when his counsel interviewed Batts and examined the mower. Shortly after the accident Hendon's counsel met with Batts, and Batts told her that a Richards representative told him that a roll bar was not necessary and not available for the mower. At that same time, Hendon's counsel had the opportunity to examine the mower, which by that time had a roll bar installed. Even if she had no specific evidence that Richards's representation that a roll bar was not available when the mower was ordered was false, her

5

suspicions should have been aroused. *See Hazel v. Gen. Motors Corp.*, 863 F.Supp. 435, 440 (W.D. Ky. 1994) (quoting *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975)). The combination of Batts's statement that he was told by Richards no roll bar was available with proof that the mower had been installed with a roll bar was enough that she should have discovered Hendon had a cause of action against Richards at that time. Therefore, even if the discovery rule applied, Hendon would have had to file suit against Richards within approximately one year from the time Hendon's counsel interviewed Batts and examined the mower.

Hendon also argues that even if the discovery rule does not apply to this case, the misrepresentation by Richards is alone sufficient to toll the statute of limitations until Hendon learned that a roll bar may have been available prior to his accident. Kentucky law provides that when a personal injury cause of action accrues against a Kentucky resident, "and he by absconding or concealing himself or *by any other indirect means* obstructs the prosecution of the action, the time of the continuance of the absence from the state or obstruction shall not be computed as any part of the period within which the action shall be commenced." KRS § 413.190(2) (emphasis added). "The 'other indirect means' of obstruction referred to must consist of some act or conduct which in point of fact misleads or deceives plaintiff and obstructs or prevents him from instituting his suit while he may do so." *Adams v. Ison*, 249 S.W.2d 791, 792 (Ky. 1952).

While bad faith is not essential to toll the statute of limitations, "the representation, or act, intentional or otherwise, must hav[e] been calculated to mislead or deceive and to induce inaction by the injured party." *Id.* at 793; *see also Kentucky v. Hasken*, 265 S.W.3d 215, 227

(Ky. Ct. App. 2007). Here, there is no evidence that the allegedly false statement made by Richards or Richards's son to Batts was calculated to mislead or deceive, or to induce inaction by Hendon, who had not yet been injured when the statement was made. Even if Hendon could show that the statement was made with the intent to mislead or deceive, the Court does not believe it is possible that the statement could have been calculated to induce inaction by any party. The Court therefore finds statutory estoppel does not toll the statute of limitations in this matter.

II. *Magic Circle's Claims Against Richards*

Magic Circle contends that if Hendon advances claims against Magic Circle based on acts by Richards as Magic Circle's agent, it should be allowed to advance claims for indemnity against Richards. Richards replies that a manufacturer is not liable for the acts of its authorized dealer, therefore Magic Circle cannot be held vicariously liable for the alleged acts of Richards, and Magic Circle's claims for indemnity against him should be dismissed.

"Under Kentucky law, an agency relationship is not established merely by showing that the immediate seller is a dealer of the manufacturer's product." *Scott v. Stran Bldgs.*, No. 90-5039, 1991 WL 3377, at \*\*5 (6th Cir. Jan. 16, 1991) (citing *Cline v. Allis-Chalmers Corp.*, 690 S.W.2d 764 (Ky. Ct. App. 1985). From the evidence submitted, it appears Richards may have done more than merely sell Magic Circle's product. For example, the owner's manual states that dealers have been specially trained on the operation and service of the mowers, and are capable of answering questions of buyers.

The Court finds that there is insufficient evidence at this time to determine whether Richards was an agent of Magic Circle. Richards raised this agency argument in his reply and

the other parties have not had an opportunity to respond. In his original motion, Richards only discussed contribution when requesting the Court dismiss Magic Circle's claims against him for monetary damages. The parties agree that Magic Circle may not be awarded monetary damages against Richards for contribution, but if evidence of Richards' fault is presented at trial, Magic Circle may be entitled to an instruction directing the jury to apportion fault to Richards pursuant to the Kentucky Comparative Fault Act, KRS § 411.182.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant/Third Party Defendant Kenneth Richards's, d/b/a Richards Small Engines, Motion for Summary Judgment (DN 58) is GRANTED IN PART. Plaintiff Hendon's claims against Richards are dismissed as untimely. Magic Circle may not be awarded monetary damages against Richards for contribution, but Richards has not yet shown that Magic Circle cannot advance claims for indemnity against him.